O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GEORGE BUSTAMANTE )   Case No. CV 12-06002 DDP ✓
                   )   [CR 09-00605 DDP-CT]
        Petitioner, )
                   )   **ORDER DENYING MOTIONS SEEKING**
     v.            )   **RELIEF PURSUANT TO 18 U.S.C. §**
                   )   **3582(c)(2)**
UNITED STATES OF AMERICA, )
                   )   [CV Dkt. No. 1, 13, 14]
        Respondent. )
                   )   [CR Dkt. Nos.
                   )    170, 189, 190, 234, 242]
_____ )

    Before the court are three motions filed by Petitioner George
Bustamante ("Petitioner"): (1) a Motion to Vacate, Set Aside or
Correct Sentence Pursuant to 28 U.S.C. 2255, filed by Petitioner
pro se (CV Dkt. No. 1; CR Dkt. No. 170); (2) a Motion to Reduce
Sentence Pursuant to 18 U.S.C. 3582(c)(2), filed with the
assistance of counsel (CR Dkt. No. 234); and (3) a Motion to Reduce
Sentence Pursuant to 18 U.S.C. 3582(c)(2), filed by Petitioner pro
se, which is virtually identical to second motion listed (CR Dkt.
No. 242). The motions are fully briefed and suitable for decision
without oral argument. Having considered the parties' submissions,
the court adopts the following Order.

**I.    Background**

**A.    Factual Background**

On June 24, 2009, Petitioner was charged in a four-count indictment with conspiracy to distribute at least 50 grams of crack cocaine and at least 50 grams of methamphetamine (count one); distributing 103.8 grams of cocaine (count two); distributing 14.9 grams of methamphetamine (count three) and distributing 49.7 grams of methamphetamine (count four). (CR Dkt. No. 1.)

On March 10, 2010, Petitioner entered into a binding plea agreement, which was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). (Dkt. No. 85.) Under the agreement, Petitioner agreed to plead guilty to count two of the indictment in exchange for the government's agreement to dismiss the remaining counts of the indictment and to not prosecute Petitioner for illegal possession of a firearm found at the time of his arrest. (Id. ¶¶ 2, 21(b), 21(e).) The parties stipulated in the agreement that the base offense level would be 30, with a total adjusted offense level, after acceptance of responsibility, of 27. (Id. ¶ 15.) However, the parties did not stipulate or agree to Petitioner's criminal history score. (Id. ¶ 16.) The parties agreed to recommend to the court a sentence of imprisonment of 120 months. (Id. ¶ 21(d).)

On August 3, 2010, after Petitioner signed the plea agreement but before it was presented for the court's acceptance, the Fair Sentencing Act of 2010 ("FSA") was signed into law. Pub.L. No. 111-220; 124 Stat. 2372. The FSA raised the quantity of crack cocaine necessary to trigger a five-year mandatory minimum sentence from 5 to 28 grams and raised the quantity necessary to trigger a

ten-year mandatory minimum sentence from 50 to 280 grams. Pub.L. No. 111-220 § 2(a) (amending 21 U.S.C. § 841(b)(1)). Subsequently, on November 1, 2010, under emergency authority granted by the FSA, the United States Sentencing Commission adopted Amendment 748, which lowered the offense levels for crack cocaine offences as set forth in the drug quantity table of Guidelines at § 2D1.1(c). U.S.S.G. App. C, amend. 748 (Nov. 2010).[1]

In his sentencing position, filed by then-counsel Stephen G. Frye, Petitioner acknowledged that, as a result of the FSA and the amendment to the Sentencing Guidelines, the applicable mandatory minimum sentence for his crime had dropped from 10 to 5 years and the new base offense level for 103.8 grams of crack dropped from 30 to 26. (See Def. Sentencing Br. (11/22/2010) at 2-4, 9-2) (attached as Exhibit B to the government's motion of 9/06/2012 (CV Dkt. No. 8).) Petitioner observed that he "certainly has a good faith basis for moving to withdraw his plea agreement pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B) based on the FSA and revisions to the sentencing guidelines for cocaine abase." (Id. at 10.)

Nevertheless, Petitioner stated in his sentencing position brief that he "does not seek to withdraw his plea and abides by the plea agreement calculation of base offense 30 pursuant to the former U.S.S.G. § 2D1.1(c)(7)." (Id.) See also, id. at 2 (Petitioner "is entitled to the benefit of his bargain"); id. at 4 (Petitioner "will abide by his bargain and agree to be sentenced to

---

[1] Amendment 748 was subsequently made permanent by Amendment 750. U.S.S.G. App. C, amend. 750 (Nov. 2011). The changes were made retroactive by amendment 759. U.S.S.G.App. C, amend. 759 (Nov. 2011); U.S.S.G. § 1B1.10(c) (listing Part A of Amendment 750 as retroactive).

1  the 120 months as contemplated in his plea agreement"); id. at 10

2  (Petitioner "does not seek to withdraw his plea and abide by the

3  plea agreement); id. at 11 (Petitioner "will abide by his bargain

4  and agree to be sentenced to the 120 months as contemplated by his

5  plea agreement.")

6      On December 13, 2010, the court accepted Petitioner's Rule

7  11(c)(1)(B) plea agreement and sentenced him to 120 months of

8  imprisonment. (CR Dkt. Nos. 159, 160.)

9  **B.    Procedural Background**

10      On August 12, 2012, Petitioner filed a petition for writ of

11  habeas corpus pursuant to 28 U.S.C. § 2255. (CR Dkt. No. 170.) The

12  government moved to dismiss the motion on September 6, 2012. (CR

13  Dkt. No. 178.) On December 12, 2012, Petitioner filed a motion

14  asking the court to construe his initial motion as a petition for

15  relief under 18 U.S.C. § 3582(c)(2). (CR Dkt. No. 202.) Then, for

16  reasons that are not clear, on May 21, 2013, Petitioner asked the

17  court to disregard the December 12, 2012 motion and revert to

18  consideration of his initial § 2255 motion. (CR Dkt. No. 215.) The

19  court granted this request. (CR Dkt. No. 223.)

20      Perhaps appreciating that his § 2255 petition was time-barred,

21  as it was filed more than one year after he was sentenced, on March

22  31, 2014, Petitioner's attorney, Brian A. Newman, filed on his

23  behalf a motion for a reduction of sentence pursuant to

24  § 3582(c)(2). (CR Dkt. No. 234.) On April 23, 2014, Petitioner

25  filed, pro se, an additional § 3582(c)(2) motion, which was nearly

26  identical to that filed by counsel. (CR Dkt. No. 242.) The

27  government moved to dismiss both motions, incorporating its

28

4

1  arguments against Petitioner's original Section 2255 motion and

2  adding additional arguments. (Dkt. No. 245.)

3      Because the initial motion, (CR Dkt. No. 170), though labeled

4  a motion for relief under § 2255 motion, was in substance a motion

5  for relief under § 3582(c)(2), and because the motion would plainly

6  be time-barred if construed as a § 2255 motion, the court will

7  construe the motion as a request for relief under § 3582(c)(2). As

8  each of the motions seeks the same relief, the court will consider

9  all three of the motions as a single request for a reduced sentence

10 under § 3582(c)(2).

11

12 **II.  Legal Framework and Analysis**

13 **A.   Petitioner's Requests for Appointment of Counsel and an**

14 **     Evidentiary Hearing**

15     As a preliminary matter, Petitioner has submitted two

16 procedural motions requesting appointment of counsel and an

17 evidentiary hearing.  (CV Dkt. Nos. 13 & 14.)  "Whenever the United

18 States magistrate judge or the court determines that the interests

19 of justice so require, representation may be provided for any

20 financially eligible person who . . . is seeking relief under

21 section 2241, 2254, or 2255 of title 28."  18 U.S.C. § 3006A.

22 However, because the Court construes Petitioner's motions as a

23 single motion under 18 U.S.C. § 3582(c)(2), rather than a § 2255

24 habeas petition, and because in any event Petitioner has been

25 adequately represented by counsel in his second listed motion

26 (which is substantially identical to the third motion), the Court

27 denies the motion for appointment of counsel.  The Court likewise

28 denies the request for an evidentiary hearing, because the issues

1  presented in the motions are exclusively questions of law,

2  requiring no new evidence to decide.

3

4  **B.    Petitioner's Requests for a Reduced Sentence**

5      Generally, district courts "may not modify a term of

6  imprisonment once it has been imposed." 18 U.S.C. § 3582(c).

7  However, an exception exists "in the case of a defendant who has

8  been sentenced to a term of imprisonment *based on a sentencing*

9  *range* that has subsequently been lowered by the Sentencing

10  Commission." § 3582(c)(2) (emphasis added). In such cases, the

11  court may "reduce the term of imprisonment, after considering the

12  factors set forth in section 3553(a) to the extent that they are

13  applicable, if such a reduction is consistent with applicable

14  policy statements issued by the Sentencing Commission." Id.

15      Difficult issues may arise in the context of motions for a

16  reduction of sentence brought under § 3582(c)(2) where the

17  petitioner and the government present the court with a binding plea

18  agreement reached pursuant to Federal Rules of Criminal Procedure

19  11(c)(1) (a "(C) agreement") and the court accepts the agreement

20  and imposes the sentence recommended by the parties.[2] "In such

21  cases, the question arises: Was the defendant's sentence based upon

22  a guideline range, or was his sentence based upon the terms of the

23  11(c)(1)(C) agreement? If the latter, then § 3582(c)(2) is

24  inapplicable and the court lacks authority to modify the prisoner's

25  sentence." United States v. Mason, 2012 WL 2880846, at *1 (E.D.

26  _____

27      [2] Under (C) agreements, the court may only accept or reject
the agreement; if it accepts the agreement, the court may only

28  impose the sentenced the agreement calls for.  Fed. R. Crim. P.
11(c)(1).

Wash. July 13, 2012) <u>aff'd,</u> 529 F. App'x 842 (9th Cir. 2013) <u>cert. denied,</u> 134 S. Ct. 1333 (U.S. 2014). The controlling authority for resolving the issue is Justice Sotomayor's concurring opinion in <u>Freeman v. United States</u>, 131 S. Ct. 2685, 2685-97 (2011) and the Ninth Circuit's interpretation of <u>Freeman</u> in <u>United States v. Austin</u>, 676 F.3d 924 (9th Cir. 2012).

As a general matter, a district court lacks jurisdiction under § 3582(c)(2) to modify a prison sentence that the court imposed after accepting a (C) agreement. <u>Austin</u>, 676 F.3d at 928. However, a court has authority to reduce such a sentence if either of two exceptions set forth in Justice Sotomayor's <u>Freeman</u> concurrence are applicable.

"The first exception is when a (C) agreement itself 'call[s] for the defendant to be sentenced within a particular Guidelines sentencing range,' which the court then accepts." <u>Austin</u>, 676 F.3d at 928 (quoting <u>Freeman</u>, 131 S. Ct. at 2697 (Sotomayor, J., concurring)). This exception is not applicable in the instant case because, as in <u>Austin</u>, Petitioner's "plea agreement contained a specific term and makes no mention of a particular sentencing range." <u>Id.</u> agreement states only: "Defendant and the USAO agree that an appropriate disposition of this case is that the Court impose a sentence of 120 months imprisonment, five years of supervised release (with conditions to be fixed by the Court) and a $100 special assessment." (CR Dkt. No. 85 at 17.)

The second exception exists where the "sentencing range is evident from the agreement itself." <u>Austin</u>, 676 F.3d at 928 (quoting <u>Freeman</u>, 131 S. Ct. at 2697-98 (Sotomayor, J.,

1   concurring)). As Justice Sotomayor explained in her <u>Freeman</u>

2   concurrence:

> [A] plea agreement might provide for a specific term of
> imprisonment—such as a number of months—but also make clear
> that the basis for the specified term is a Guidelines
> sentencing range applicable to the offense to which the
> defendant pleaded guilty. As long as that sentencing range is
> evident from the agreement itself, for purposes of §
> 3582(c)(2) the term of imprisonment imposed by the court in
> accordance with that agreement is "based on" that range.
> Therefore, when a (C) agreement expressly uses a Guidelines
> sentencing range to establish the term of imprisonment, and
> that range is subsequently lowered by the Commission, the
> defendant is eligible for sentence reduction under §
> 3582(c)(2)

10   <u>Id.</u>

11   In order to calculate the applicable sentencing range, it is

12   necessary to know (1) the defendant's adjusted offense level, and

13   (2) the defendant's criminal history category. <u>See</u> U.S.S.G. §

14   1B1.1. In her <u>Freeman</u> concurrence, Justice Sotomayor explained that

15   it was evident that the plea agreement at issue employed a

16   particular sentencing range in light of the defendant's adjusted

17   offense level and anticipated criminal history category, both of

18   which were stated in the plea agreement. <u>Freeman</u>, 131 S. Ct. at

19   2699 (Sotomayor, J., concurring). Therefore, Justice Sotomayor

20   concluded, "Freeman's term of imprisonment is 'based on' a

21   Guidelines sentencing range" and the court thus had authority to

22   reduce his sentence. <u>Id.</u> at 2700.

23   By contrast, in <u>Austin</u>, the Ninth Circuit held that the

24   sentencing range was not evident from the plea agreement because

25   "the plea agreement does not contain any information about Austin's

26   criminal history category," making a calculation of the applicable

27   sentencing range "impossible." 676 F.3d at 929. Likewise, in <u>Mason</u>,

28   the court held that the applicable sentencing range was not evident

from the plea agreement because, although the defendant's adjusted offense level was stated in the agreement, the agreement did not state the defendant's criminal history category. <u>Mason</u>, 2012 WL 2880846, at *2. Accordingly, in both cases the courts concluded that the sentence was not "based on" the applicable sentencing range but rather on the plea agreement. <u>Id.</u>; <u>Austin</u>, 676 F.3d at 930.

In the present case, like <u>Austin</u> and <u>Mason</u>, and unlike <u>Freeman</u>, the sentencing range is not "evident" from the agreement itself. The first piece of information necessary to calculate the sentencing range is present because the adjusted offence level is set forth in the plea agreement. (<u>See</u> CR Dkt. No. 85 at 7.) However, the second piece of necessary information is lacking, as the plea agreement specifically states that "[t]here is no agreement as to defendant's criminal history or criminal history category." (CR Dkt. No. 85 at 7.) As a result, the sentencing range is not evident from the plea agreement and the second exception set forth in Justice Sotomayor's <u>Freeman</u> concurrence is, accordingly, inapplicable.

Petitioner makes no attempt in any of his filings to argue that his agreement falls within either of the two <u>Freeman</u> exceptions, even though the government addressed these issues at length in opposing Petitioner's various motions. Instead, Petitioner's second and third motions are devoted almost exclusively to an inapposite argument that reduced mandatory minimum sentences set by the FSA were in force at the time Petitioner was sentenced. (<u>See</u> CR Dkt. Nos. 234 at 7-21 and 242 at 5-17.) This argument is unavailing because it does not matter

1   whether the lower mandatory minimums were in effect at the time of

2   Petitioner's sentence if the sentence imposed was based on the (C)

3   agreement, as everything before the court indicates was the case.

4       It also bears noting, although Petitioner does not raise the

5   point, that it is irrelevant that the parties were likely aware of

6   Petitioner's criminal history when they negotiated the plea

7   agreement. As Justice Sotomayor observed in <u>Freeman</u>, "the mere fact

8   that the parties to a (C) agreement may have considered the

9   Guidelines in the course of their negotiations does not empower the

10  court under § 3582(c)(2) to reduce the term of imprisonment they

11  ultimately agreed upon. . ." <u>Freeman</u>, 131 S. Ct. at 2697. This is

12  because "plea bargaining necessarily occurs in the shadow of the

13  sentencing scheme to which the defendant would otherwise be

14  subject." <u>Id.</u>

15      Nor is it relevant that this court was aware of the

16  defendant's criminal history and may have calculated Petitioner's

17  sentencing range when it accepted the plea agreement. "Although the

18  agreement acknowledges the court's duty independently to consult

19  the Sentencing Guidelines, under Justice Sotomayor's approach, it

20  is the terms of the (C) agreement that dictate, not the judge's

21  separate calculations." <u>Austin</u>, 676 F.3d at 924 (citing <u>Freeman</u>,

22  131 S.Ct. at 2696 (Sotomayor, J., concurring)).

23      In sum, the court concludes that, under the controlling

24  authority of <u>Austin</u> and <u>Freeman</u>, the sentence imposed on Petitioner

25  was "based on" the (C) plea agreement he signed and jointly with

26  the government presented to the court for its approval, rather than

27  on the "a sentencing range that has subsequently been lowered by

28

1    the Sentencing Commission," § 3582(c)(2). As a result, Petitioner

2    is not entitled to a reduction of sentence under § 3582(c)(2).

3

4    **III. Conclusion**

5         For the reasons stated herein, Petitioner's Motion to Motion

6    to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. 2255

7    (CV Dkt. No. 1; CR Dkt. No. 170), Motion to Reduce Sentence

8    Pursuant to 18 U.S.C. 3582(c)(2) (CR Dkt. No. 234), Motion to

9    Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(2) (CR Dkt. No. 242)

10   are DENIED.  Petitioner's Motion for Appointment of Counsel and

11   Motion Requesting Evidentiary Hearing (CV Dkt. Nos. 13 & 14; CR

12   Dkt. Nos. 189 & 190) are also DENIED.

13

14

15   IT IS SO ORDERED.

16   Dated: September 25, 2014

17                                      DEAN D. PREGERSON
                                        United States District Judge

18

19

20

21

22

23

24

25

26

27

28